

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2005

# Awaadeh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1973

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Awaadeh v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1346.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1346

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1973
_____


SAMIH THULER ABU AWAADEH,

Petitioner

v.

\*ALBERTO GONZALES, Attorney General
of The United States,

Respondent


\*(Amended pursuant to Rule 43(c), Fed. R. App. Pro.)

_____


ON PETITION FOR REVIEW OF ORDER OF THE
BOARD OF IMMIGRATION APPEALS
(No. A79-164-246)
_____


Submitted pursuant to LAR 34.1(a)
March 31, 2005

Before:  ALITO, SMITH, and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed:  April 18, 2005)


_____


OPINION OF THE COURT
_____

<u>PER CURIAM</u>:

Samih Thuler Abu Awaadeh ("Awaadeh"), a native and citizen of Brazil and a practicing Muslim, seeks review of a decision by the Board of Immigration Appeals ("the BIA"). The BIA affirmed the Immigration Judge's denial of Awaadeh's applications for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture ("the Torture Convention"). As we write for the parties only, we do not set out the facts. We conclude that the BIA's decision was supported by substantial evidence, and we deny Awaadeh's petition.

**I.**

Because Awaadeh does not raise any argument in his brief regarding the BIA's denial of protection under the Torture Convention beyond the conclusory statement that the BIA erred in denying protection, he has not preserved the issue for review. <u>Lie v. Ashcroft</u>, 396 F.3d 530, 532, n.1 (3d Cir. 2005).

**II.**

This Court will affirm the BIA's decision that Awaadeh was not eligible for asylum if there is substantial evidence to support it. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). The administrative findings of fact supporting a final order of removal cannot be reversed unless the administrative record is such that "a reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(A)-(B). _____

An applicant for asylum bears the burden of establishing that he has suffered past

persecution or has a well-founded fear of future persecution.  See 8 C.F.R. § 1208.13(a)-(b); Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001).  If an applicant cannot meet the standard for asylum, this Court may assume that the applicant cannot meet the higher standard for withholding removal.  Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

## III.

To qualify for withholding of removal, an alien must show that if he returned to his country, it is more likely than not that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.  Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998).  If an alien is able to establish past persecution, then it is presumed that his life or freedom would be threatened were he to return to his country.  8 C.F.R. § 1208.16(b)(1)(i) (2004).  "In order to establish eligibility for asylum on the basis of past persecution, an applicant must show (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control."  Adulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2001) (quotations and citations omitted).

"'[P]ersecution' is an extreme concept that does not include every sort of treatment our society regards as offensive."  Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993); accord Fisher v. INS, 79 F.3d 955, 961 (9th Cir. 1996) (en banc) ("Persecution is an

extreme concept, which ordinarily does not include '[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be.'" (alteration in original) (citation omitted)); see also Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000) ("To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering.").

Awaadeh alleges that he suffered three incidents of street violence in his years in Brazil — one involving non-Brazilian skinheads, one involving persons gathered outside a church he was passing by, and one involving the friends of a loan shark seeking repayment. The BIA's conclusion that these attacks did not rise to the level of persecution is supported by substantial evidence. Victims of discrimination and random violence of the sort Awaadeh alleges are not victims of persecution as legally defined. In particular, the alleged attack by the loan shark and his friends does not constitute persecution because it was not on account of a protected ground. On Awaadeh's own telling, the loan shark was attempting to obtain Awaadeh's money, not seeking to harm Awaadeh on account of his race, religion, nationality, membership in a particular social group, or political opinion.

Moreover, it is against the law in Brazil for individuals or groups to engage in persecution, and, according to the State Department, the Brazilian government enforces

the law. A.R. 310.[1] Because the evidence indicates that the Brazilian government attempts to combat such acts, and because Awaadeh never gave the Brazilian government the opportunity to do so, he cannot show that the Brazilian government is unable or unwilling to protect him. Adulrahman, 330 F.3d at 592.

Finally, Awaadeh admits that beyond the incidents he describes involving discrimination against himself, his father, and his brother, he has no personal knowledge of Muslims in Brazil being discriminated against based on their religion, much less persecuted for it as that latter term is defined. The news articles he submitted do not describe any instances of persecution either. Thus, there is insufficient evidence to support, much less compel, the conclusion that there is a pattern or practice of persecuting persons similarly situated to Awaadeh, and Awaadeh cannot be relieved of the duty to demonstrate that he has been or would be individually targeted for persecution. 8 C.F.R. § 1208.13(b)(2)(i)(A)-(B); Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

**IV.**

As Awaadeh failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. See Lukawago, 329 F.3d at 182.

---

[1]    The abbreviation "A.R." refers to the Certified Administrative Record on file with the Court.

## V.

For the reasons given above, we deny Awaadeh's petition.